UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY VANDEWEGE, | Case No. 1:07-cv-471 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant | |

## OPINION AND ORDER

**Adopting R&R without Objection;
Dismissing Complaint Without Prejudice for Failure to Effect Service of Process**

In December 2003, plaintiff Mary VanDeWege applied for Social Security Disability Benefits ("SS-DIB") and Supplemental Security Income ("SSI") benefits, claiming that she was disabled from March 22, 2002 onward due to two severe impairments: degenerative disc disease of the lumbar spine, and left brachial plexitis.[1] The Social Security Administration ("SSA") initially denied her applications on March 16, 2004, and on March 29, 2004 VanDeWege filed a timely request for a hearing. VanDeWege appeared and testified at a hearing in November 2005 in Grand Rapids, Michigan, at which time she asked that her application be amended to reflect an alleged disability onset date of July 30, 2003.

By opinion dated May 30, 2006, Administrative Law Judge William Decker ("the ALJ") denied VanDeWege's applications, finding that she had not been under a disability, as defined by the Social Security Act, from July 30, 2003 through the date of his decision. When VanDeWege sought review of the ALJ's decision, the SSA Appeals Council initially denied the request as untimely, but later found that she had shown good cause for the delay. *See* Comp., Ex. B (Notice of Appeals Council Action) at 1. The

---

[1] Brachial refers to the arm, while a plexus is a network or interjoining of nerves, blood vessels, or lymphatic vessels. *See* STEDMAN'S MEDICAL DICTIONARY (28th ed. 2006) at 248 (brachial) and 1513 (plexus). Left brachial plexitis, then, is inflammation of the nerve or blood vessel network in the left arm. *Id.* at 1513 (plexitis) and 1513-14 (brachial plexus).

Appeals Council stated, "We are now setting aside our earlier action to consider additional information. * * * After considering the additional information, we found no reason under our rules to review the [ALJ]'s decision.  Therefore, we have denied your request for review.  This means that the [ALJ]'s decision is the final decision of the Commissioner . . . in your case." *Id.*

Citing 42 U.S.C. § 405(g), plaintiff Mary VanDeWege filed this action on May 15, 2007, seeking review of the decision of the Commissioner of the SSA ("the Commissioner") denying her SS-DIB and SSI applications.  A summons was issued for the Commissioner on that same date, and this action was referred in its entirety to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1).

By order dated November 5, 2007, Magistrate Judge Carmody found that VanDeWege had not served the defendant with a copy of the complaint in the more than five months since filing the complaint. The order noted that

> Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as to that defendant."  If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m) . . . .

Nov. 5, 2007 Order at 1 (emphasis added).  The order directed VanDeWege to show cause, no later than November 21, 2007, why this action should not be dismissed without prejudice for failure to timely effect service on the Commissioner.  *Id.* at 2.  To date, VanDeWege has never responded to that order or filed any other documents with the court.

On December 28, 2007, Magistrate Judge Carmody issued an R&R recommending that this action be dismissed without prejudice.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an

R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Friday, December 28, 2007 and was electronically served on counsel for both parties on that date.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday December 29 and Sunday December 30, which starts the ten-day period on Monday, December 31, 2007.

The court then excludes New Year's Day 2008, making Wednesday, January 2 through Friday, January 4, 2008 the second through fourth days of the ten-day period. The fifth through ninth days were Monday, January 7 through Friday, January 11, 2008. Finally, the court excludes Saturday, January 12 and Sunday, January 13, 2008.

Thus, excluding further weekends, the ten-day period for filing objections expired at midnight on

Monday, January 14, 2008.

Neither party filed objections before that time, so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[2]

Furthermore, the failure to file timely specific objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).[3]

---

2

*See, e.g., Johnson v. Comm'r of Soc. Sec.*, No. 5:05cv2155, 2007 WL 2292440, *1 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

3

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written

4

In any event, the court finds the disposition recommended by the R&R to be appropriate. VanDeWege has not timely effected valid service of process on the Commissioner or sought an extension of time in which to do so, and she has not attempted to show good cause for her inaction, so dismissal without prejudice is warranted. *See, e.g., Pearison v. Pinkerton's, Inc.*, 90 F. App'x 811, 812 (6th Cir.

---

analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. Oct. 30, 2007) (Maloney, J.) (quoting *Brown v. US*, No. 06-14087, 2007 WL 2156283, *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))). *See also:*

*Veltkamp v. Comm'r of Soc. Sec. Admin.*, No. 1:06-cv-295, – F. Supp.2d –, –, 2007 WL 4616700, *2 n.2 (W.D. Mich. Sept. 5, 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, No. 1:06-cv-780, 2007 WL 1983688, at *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

*US v. Thornton*, No. 6:06-cv-459, 2007 WL 1742160, *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

*US v. Stone*, No. 06-cv-86, 2007 WL 1610499, *1 (E.D. Ky. May 31, 2007) (Forester, J.);

*Powell v. Comm'r, Ky. Dep't of Corrs.*, No. 5:06-cv-32, 2007 WL 756363, *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Montalvo v. GMC*, No. 3:04cv7778, 2006 WL 1888704, *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.");

*Wallace v. Jackson*, No. 04-40221, 2006 WL 467915, *1 (E.D. Mich. Feb. 23, 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002) (Gadola, J.));

*Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (not in F. Supp.2d) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

2004) ("The individual defendants were never served and the complaint against them was dismissed, without prejudice . . . after Pearison failed to demonstrate good cause as to why he failed to effect service on these individuals within the time prescribed by Rule 4(m)."); *Wooten v. Logan*, 92 F. App'x 143, 145 (6th Cir. 2004) ("On April 12, 2002, the magistrate judge assigned to the case entered an order stating that . . . he would recommend the action be dismissed without prejudice unless Wooten demonstrated good cause for her failure to effect timely service. * * * Wooten did not respond to the magistrate judge's order, and, on April 30, 2002, the magistrate judge issued a [R&R] that recommended the dismissal of Logan and Dale without prejudice.  Wooten did not file any objections to the Recommendation, and, on May 20, 2002, the district court entered an Order adopting the Recommendation."); *French v. Runyon*, No. 99-4117, 238 F.3d 420, 2000 WL 1720543 (6th Cir. Nov. 7, 2000) (affirming dismissal without prejudice of complaint for failure to effect service within time required by FED. R. CIV. P. 4(m)).

**ORDER**

Accordingly, the court hereby **ADOPTS** the R&R [docket #3] and **DISMISSES the complaint WITHOUT PREJUDICE.**

This case is **TERMINATED.**

**This order is final, but it is not appealable.**  *See generally Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 441 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)); *see, e.g., Wooten*, 92 F. App'x at 147 (plaintiff waived right to appeal Rule 4(m) dismissal of claims against defendant Logan by failing to object to the R&R which recommended that dismissal).[4]

**IT IS SO ORDERED this 23rd day of January 2008.**

/s/ Paul L. Maloney

---
Paul L. Maloney
United States District Judge

---

[4]

*See, e.g., Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (per curiam) (Gilman, Gibbons, & Griffin, JJ.) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155);

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, No. 93-6386, 61 F.3d 903, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).